IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NOE LOPEZ § | |
| § | |
| V. § | A 15-CV-342-LY |
| § | (A-12-CR-084(10)-LY) |
| UNITED STATES OF AMERICA § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are: Noe Lopez's Motion for Leave to File § 2255 Motion (Dkt. No 562) and Lopez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 565). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

On July 24, 2012, Noe Lopez pled guilty to conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Dkt. No. 458. On September 24, 2012, the District Court sentenced Lopez to a 210 month term of imprisonment, followed by a five year term of supervised released, and a $100 mandatory assessment fee. Dkt. No. 459. Lopez filed a Notice of Appeal of his conviction on September 26, 2012. Dkt. No. 410. Shannon Hooks, Lopez's Counsel, filed an *Anders* motion and supporting brief. Dkt. No. 528. On August 6, 2013, the Court of Appeals granted Hooks's motion to withdraw, and dismissed Lopez's appeal as frivolous. Dkt. No. 528.

On April 24, 2015, Lopez filed the instant Motion for Leave to File a § 2255 Motion Out of Time, arguing that he qualifies for equitable tolling. Dkt. No. 562. Lopez also filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his conviction on the basis of ineffective assistance of counsel. Dkt. No. 565.

## II. ANALYSIS

In the Motion for Leave to File, Lopez alleges that Hooks did not consult with him when she filed an *Anders* brief. Lopez argues that as a result, he was unaware when his judgment became final and when he needed to file a § 2255 motion. Lopez argues that equitable tolling should apply to his case so that he can proceed with his § 2255 motion. After reviewing Lopez's arguments, the Court concludes that Lopez's § 2255 motion has not been timely filed and does not qualify for equitable tolling.

Lopez's motion is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one year limitations period for filing a § 2255 motion in federal court. Since 1996, § 2255(f), amended by § 105(2) of the AEDPA, has provided as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Lopez does not allege that his claim concerns a constitutional right recently recognized by the Supreme Court (or any other court) that would have a retroactive effect on his claim. He is also not contending that any government action impeded him from timely filing his petition, or that he was unaware of the factual basis for his claims until recently. Thus, subsections (2)-(4) of the one year limitation rule do not apply here, and Lopez's case is governed by subsection (1), which states that the limitation period begins on the date on which the judgment of conviction became final. Lopez's conviction became final on November 4, 2013. *See Clay v. U.S.*, 537 U.S. 522 (2003) (holding that the a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Given the AEDPA's one year period of limitation, Lopez had until November 4, 2014 to file his § 2255 motion. Lopez did not file his motion until April 24, 2015, well past the deadline.

If a motion to vacate is untimely under § 2255, the one year limitations period may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). Equitable tolling may be applied if Lopez has been reasonably diligent in pursuing his rights, but "extraordinary circumstances" prevented him from timely filing. *Id.* at 649 (holding that attorney error that qualifies as an "extraordinary circumstance" may be something less than egregious, but must be more than garden variety negligence or excusable neglect); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). An applicant seeking equitable tolling must "diligently pursue relief because 'equity is not intended for those who sleep on their rights.'" *Id.* at 403. Lopez bears the burden of showing that equitable tolling should apply to the facts of his case. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

3

To do so, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  The extraordinary circumstance Lopez cites for his untimely filing is that Hooks, allegedly without Lopez's consent or knowledge, filed an *Anders* brief in the direct appeal of the judgment in his case.  Lopez claims that he was therefore unaware that his judgment became final, and therefore did not know that his time to file a § 2255 motion had begun to run.

Lopez's claim does not qualify for equitable tolling, as the circumstances surrounding his untimely filing were not extraordinary.  First, Lopez was aware that Hooks was proceeding with his appeal.  Lopez states in his § 2255 motion that Hooks wrote him a letter which "gave him the impression" that she would be filing a brief.  Dkt. No. 565 at 9.  Lopez argues that this was an extraordinary circumstance, because he thought Hooks would be filing a brief on his behalf, not an *Anders* brief.  *Id.*  Regardless of what Lopez believed Hooks would be filing, this representation indicates that Lopez was aware that Hooks was proceeding with his appeal.  And the nature of the brief that was filed is not really the issue; rather, what matters is when Lopez learned that a final judgment affirming his conviction was rendered.  On December 19, 2013, Lopez wrote to the Court requesting a copy of his docket sheet, and the forms for filing a § 2255 motion, and those were sent to him on that same day.  Dkt. Nos. 536, 537.  The docket sheet showed that a final judgment granting Hooks's motion to withdraw and dismissing Lopez's appeal was rendered on August 6, 2013.  At this point, Lopez still had nearly eleven of his twelve months left to file a timely § 2255 motion, yet he did not file his § 2255 motion until April 24, 2015, sixteen months after he received the forms, and over five months after the one year limitation period had expired.  Lopez has not

demonstrated any extraordinary circumstance that prevented him from pursuing his rights during the one year period of limitation.

Lopez fails to demonstrate that he was actively misled or prevented in some extraordinary way from asserting his rights in a timely fashion. In fact, the record reflects that as early as December 19, 2013, Lopez was contemplating further action when he requested a copy of his docket sheet and § 2255 forms. Dkt. No. 536. Although Lopez is proceeding *pro se*, his incarceration and ignorance of the law are not considered grounds for equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally does not justify tolling). Lopez had sufficient knowledge of the facts at a time that he could have timely filed his motion.

The "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given Lopez's apparent lack of diligence in pursuing his rights, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000). Lopez's claim for equitable tolling is without merit.

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Noe Lopez's Motion for Leave to File § 2255 Motion (Dkt. No. 562) and **DISMISS WITH PREJUDICE** Noe Lopez's Motion to Vacate Under 28 U.S.C. § 2255 (Dkt. No. 565) as time barred.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 7th day of July, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE